## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA DAVID MARDICE, JASMINE WASHINGTON, JUAN MIRANDA, PRESTON NORMAN, CHRISTINA SANTI, SANDEEP SINGH and RICKEY TURNER, on behalf of themselves and others similarly situated, | Civil Action No.: 1:19-cv-8910 |
| | **COLLECTIVE ACTION COMPLAINT** |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| EBONY MEDIA OPERATIONS, LLC, CVG GROUP, LLC, MICHAEL GIBSON, in his individual and professional capacities, and ELIZABETH BURNETT, in her individual and professional capacities, | |
| Defendants. | |

Plaintiffs Joshua David Mardice, Jasmine Washington, Juan Miranda, Preston Norman, Christina Santi, Sandeep Singh, and Rickey Turner (collectively, "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their attorneys, Faruqi & Faruqi, LLP, hereby allege as follows against Defendants Ebony Media Operations, LLC ("Ebony Media"), CVG Group, LLC ("CVG"), Michael Gibson, and Elizabeth Burnett (collectively, "Defendants"):

### PRELIMINARY STATEMENT

### *#EbonyOwes*

1.      Defendants own and operate Ebony and Jet Magazine, two of the most prominent publications covering the Black perspective on societal issues over the last approximately 70 years.

2.      Unfortunately, since both magazines were acquired by CVG, a private equity firm, Defendants have betrayed the magazines' employees and readers – many of whom are Black and

have long revered the magazines for giving them a voice when much of the mainstream media failed to do so – through the inequitable treatment of their employees.

3.    Specifically, following CVG's June 2016 acquisition, Defendants have engaged in a consistent pattern and practice of laying off their staff and failing to pay them their final wages, which has resulted in prior litigation, public vitriol, and the viral social media hashtag, "#EbonyOwes."

4.    Plaintiffs are merely the latest victims of this pattern and practice.

5.    From approximately May 19, 2019 through June 14, 2019, Defendants laid off much of their staff and predictably failed to pay them anywhere from one to four weeks' worth of earned wages.

6.    Further, Defendants failed to reimburse these employees for unlawful deductions from their wages for purported 401(k) retirement account contributions that were never actually paid into those accounts.

7.    Additionally, upon terminating the employees, Defendants failed to honor their contractual promises (and, in some cases, statutory obligations) to reimburse the employees for work-related expenses and pay out their unused accrued vacation days.

8.    To redress these wrongs, Plaintiffs, on behalf of themselves and all other similarly situated persons employed by Defendants at any time during the full statute of limitations period, bring this action against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), New York Labor Law, N.Y. Lab. Law §§ 190, *et seq.* ("NYLL"), California Labor Code, Cal. Lab. Code §§ 200, *et seq.* ("CLC"), Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. Ann. §§ 115, *et seq.* ("IWPCA"), and Illinois Minimum Wage Law, 820 Ill. Comp. Stat. §§ 105, *et seq.* ("IMWL"), as well as all applicable regulations thereunder.

9.      Plaintiffs' claims against Defendants to redress these wrongs are brought, in part, under the FLSA as a collective action, pursuant to 29 U.S.C. § 216(b), and all applicable regulations thereunder, on behalf of themselves and all other similarly situated Employees (defined *infra* at ¶ 51) employed by Defendants at any time during the full statute of limitations period.

## JURISDICTION AND VENUE

10.      Pursuant to 28 U.S.C. § 1331, the Court has subject matter jurisdiction over this action because it involves federal questions regarding the deprivation of Plaintiffs' rights under the FLSA.

11.      Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over Plaintiffs' related claims arising under State law.

12.      Pursuant to 28 U.S.C. § 1391, venue is proper in this District because at least one Defendant resides in this District and a substantial part of the events or omissions giving rise to this action occurred in this District.

## PARTIES

**A.      Plaintiff Joshua David Mardice**

13.      Mr. Mardice is a resident of Los Angeles, California and was employed by Defendants from on or around January 2, 2018 through on or around June 7, 2019.

14.      At all relevant times, Mr. Mardice was an "employee" of Defendants within the meaning of all applicable statutes and regulations.

**B.      Plaintiff Jasmine Washington**

15.       Ms. Washington is a resident of New York, New York and was employed by Defendants from on or around March 4, 2019 through on or around June 7, 2019.

16.     At all relevant times, Ms. Washington was an "employee" of Defendants within the meaning of all applicable statutes and regulations.

**C.     Plaintiff Juan Miranda**

17.      Mr. Miranda is a resident of Chicago, Illinois and was employed by Defendants from on or around April 10, 2017 through on or around June 14, 2019.

18.     At all relevant times, Mr. Miranda was an "employee" of Defendants within the meaning of all applicable statutes and regulations.

**D.     Plaintiff Preston Norman**

19.     Mr. Norman is a resident of Chicago, Illinois and was employed by Defendants from on or around November 1, 2017 through on or around June 7, 2019.

20.     At all relevant times, Mr. Norman was an "employee" of Defendants within the meaning of all applicable statutes and regulations.

**E.     Plaintiff Christina Santi**

21.      Ms. Santi is a resident of Bronx, New York and was employed by Defendants from on or around February 27, 2018 through on or around June 7, 2019.

22.     At all relevant times, Ms. Santi was an "employee" of Defendants within the meaning of all applicable statutes and regulations.

**F.     Plaintiff Sandeep Singh**

23.     Mr. Singh is a resident of New York, New York and was employed by Defendants from on or around January 23, 2018 through on or around June 7, 2019.

24.     Mr. Singh was an "employee" of Defendants within the meaning of all applicable statutes and regulations.

**G.**     **Plaintiff Rickey Turner**

25.     Mr. Turner is a resident of New York, New York and was employed by Defendants from on or around March 2019 through on or around June 7, 2019.

26.     At all relevant times, Mr. Turner was an "employee" of Defendants within the meaning of all applicable statutes and regulations.

**H.**     **Defendant Ebony Media Operations, LLC**

27.     Ebony Media is a foreign limited liability company with its principal place of business located at 1700 Post Oak Boulevard, Houston, Texas 77056.

28.     At all relevant times, Ebony Media was an "employer" within the meaning of all applicable statutes and regulations.

**I.**     **Defendant CVG Group, LLC**

29.     CVG is a foreign limited liability company with its principal place of business located at 1700 Post Oak Boulevard, Houston, Texas 77056.

30.     At all relevant times, CVG was an "employer" within the meaning of all applicable statutes and regulations.

**J.**     **Defendant Michael Gibson**

31.     Mr. Gibson is the Co-Founder & Chairman of CVG and the Chairman of Ebony.

32.     At all relevant times, Mr. Gibson controlled and directed the terms of employment and compensation of Plaintiffs and all similarly situated persons.

33.     At all relevant times, Mr. Gibson maintained and exercised his power to hire, fire, discipline, and promote Plaintiffs and all similarly situated persons.

34.     At all relevant times, Mr. Gibson maintained control, oversight, and direction of Plaintiffs and all similarly situated persons, including timekeeping, work allocation, task

5

supervision, monitoring work product, payroll, and other employment practices that applied to them.

35.     At all relevant times, Mr. Gibson was an "employer" within the meaning of all applicable statutes and regulations.

**K.     Defendant Elizabeth Burnett**

36.     Ms. Burnett is the Vice President of Operations at CVG and the head of Human Resources at Ebony Media.

37.     At all relevant times, Ms. Burnett controlled and directed the terms of employment and compensation of Plaintiffs and all similarly situated persons.

38.     At all relevant times, Ms. Burnett maintained and exercised her power to hire, fire, discipline, and promote Plaintiffs and all similarly situated persons.

39.     At all relevant times, Ms. Burnett maintained control, oversight, and direction of Plaintiffs and all similarly situated persons, including timekeeping, work allocation, task supervision, monitoring work product, payroll, and other employment practices that applied to them.

40.     At all relevant times, Elizabeth Burnett was an "employer" within the meaning of all applicable statutes and regulations.

## FACTS

**A.     Background**

41.     Ebony Media owns and operates two magazines: Ebony and Jet (the "Magazines").

42.     Founded in 1945 and 1951, respectively – at which time the mainstream media largely ignored the issues and concerns of the United States' Black communities – the Magazines achieved popularity by providing authentic and insightful perspective on wide-ranging issues that

affected Black communities, including politics, religion, entertainment, business, education, science, and the arts.

43.    On June 15, 2016, CVG announced that it had acquired Ebony Media and would be managing the operations of both Magazines going forward.

44.    CVG advertises on its website that it manages its portfolio companies' employee benefits and also their "suite of payroll services."[1]

45.    Since CVG's acquisition of Ebony Media, Defendants have repeatedly failed to pay final wages to employees and freelancers after terminating them.

46.    This has resulted in at least one prior lawsuit against Ebony Media and CVG for unpaid compensation.  *See National Writers Union, UAW Local 1981, et al. v. Ebony Media Operations, LLC, et al.*, No. 2017-L-008951 (Ill. Cir. Ct., Cook Cnty., filed Sept. 5, 2017).

47.    Defendants' unlawful wage practices have also been the subject of media coverage by publications such as *USA Today*, *The Chicago Tribune*, *The New York Post*, *The Root*, and *Splinter News*.

48.    These unlawful wage practices have garnered strong reactions from Defendants' employees and readers alike, many of whom are Black and have struggled to reconcile their anger towards Defendants with the formative role Ebony and Jet Magazines played in their lives as two of the United States' most prominent Black publications.

49.    This vitriol inspired the viral social media hashtag, "#EbonyOwes."

50.    Throughout the relevant period, Defendants employed a staff of approximately forty (40) employees in California, Illinois, and New York.

---

[1] *See* www.cvggroupllc.com/about-us/ (last visited September 19, 2019).

51.     Employees of Defendants hold various titles, including, *inter alia*: (i) Entertainment Editor; (ii) Social Media Director; (iii) IT Director; (iv) Video/Web Production Coordinator; (v) Integrated Marketing Director; (vi) Content Director; (vii) Senior Video Producer; (viii) Digital Content Producer; and (ix) Writer (collectively, "Employees").

52.     Defendants' hours of operation are Monday to Friday, 8:30 a.m. to 6:30 p.m.

53.     Employees typically work forty (40) to fifty (50) hours per week.

54.     Defendants have established a bi-weekly pay period for the Employees, spanning from Sunday to Saturday.

55.     Defendants have established the Friday preceding the end of each bi-weekly pay period as Employees' regularly scheduled pay day.

**B.     Failure to Pay Final Wages**

56.     From approximately May 19, 2019 through June 14, 2019, Defendants failed to pay Plaintiffs and other Employees any wages at all.

57.     On May 30, 2019, at which point the Employees were owed nearly two weeks of wages, Ms. Burnett emailed all Employees, acknowledging Defendants' wage violations and confirming that they extended to all Employees.  *See* Exhibit A.

58.     From on or around May 24, 2019 through on or around June 14, 2019, Defendants gradually terminated various Employees.

59.     Upon being informed of their terminations, Employees received emails from Defendants containing spreadsheets, titled "Final Payroll Calculator," that detailed, *inter alia*, their unpaid wages.  *See, e.g.*, Exhibit B.

60.     These emails acknowledged that Defendants owe each of the Employees unpaid wages from May 19, 2019 through their respective dates of termination.

61.    Defendants' debt to the Employees was further confirmed via electronic paystubs that were sent to the Employees on or around July 5, 2019, which inaccurately reflected payments of wages to the Employees.  *See, e.g.*, Exhibit C.

62.    Indeed, despite receiving these electronic paystubs, to date, the Employees still have not received their final wages.

63.    Accordingly, the Employees are currently owed anywhere from one to four weeks of unpaid wages each.

64.    Moreover, as a result of Defendants' failure to pay Employees any wages at all during their final one to four weeks of employment, Employees have been unlawfully denied not only their promised wages, but also minimum and overtime wages.

**C.    Unlawful Deductions from Wages for Purported 401(k) Contributions**

65.    Throughout the relevant period, Defendants offered Employees the opportunity to participate in a 401(k) plan.

66.    Employees who elected to participate in the 401(k) plan determined the dollar amount they wished to contribute from each bi-weekly paycheck to their respective 401(k) accounts.

67.    Defendants were then to withhold the pre-determined amount from each Employee's paycheck and place it in his or her 401(k) account.

68.    Throughout the relevant period, Defendants withheld wages from the bi-weekly paychecks of those Employees who elected to participate in the 401(k) plan.

69.    Additionally, Defendants agreed to match Employees' 401(k) contributions.

70.    In or around January 2019, if not earlier, Defendants stopped making contributions to Employees' 401(k) accounts.

71.    However, Defendants continued to withhold wages from Employees' paychecks, purportedly for 401(k) contributions.

72.    On May 23, 2019, Defendants admitted to withholding Employees' wages that were designated for their 401(k) retirement plans and assured them "that every dollar will be restored." *See, e.g.*, Exhibit D.

73.    Defendants again acknowledged their debt for unpaid 401(k) contributions upon terminating the Employees.

74.    Indeed, upon being informed of their terminations, Employees received emails from Defendants containing spreadsheets, titled "Final Payroll Calculator," that detailed, *inter alia*, unpaid 401(k) contributions.  *See, e.g.*, Exhibit B.

75.    To date, Defendants have failed to pay the Employee their wages that were improperly withheld for purported 401(k) contributions.

**D.    Failure to Reimburse Employees for Expenses**

76.    Defendants also failed to reimburse Employees for expenses incurred while working for Defendants.

77.    Defendants maintain a written policy that they will reimburse Employees for work-related expenses.

78.    Over the course of their employment, the Employees properly submitted various work-related expenses; however, Defendants failed to reimburse Employees for expenses they incurred.

79.    Defendants' acknowledged their debt for unreimbursed expenses in their termination emails to the Employees. *See, e.g.*, Exhibit B.

80.    Further, upon terminating the Employees, Defendants also directed the Employees to submit additional expenses for reimbursement.

81.    Employees submitted expenses for reimbursement; however, to date, Defendants have failed to reimburse the Employees for those expenses.

E.    **Failure to Pay Out Unused Accrued Vacation Time**

82.    Defendants also failed to pay out the Employees unused accrued vacation time upon terminating them.

83.    Defendants maintain a written policy that, upon termination, they will pay Employees for unused vacation time they have accrued.

84.    As of their terminations, the Employees had unused accrued vacation time.

85.    In Defendants' termination emails to the Employees, Defendants acknowledged their debt to the Employees for unused vacation time they had accrued.

86.    Despite calculating the amount of pay that they owe the Employees for unused accrued vacation time, to date, Defendants have not paid the Employees for the same.

F.    **Plaintiff Joshua David Mardice**

87.    Mr. Mardice worked for Defendants as an Audience Development Manager and Social Media Manager from on or around January 2, 2018 through on or around June 7, 2019.

88.    Throughout his employment, Mr. Mardice worked approximately forty (40) to fifty (50) hours per week.

89.    In 2019, Mr. Mardice earned an annual salary of $70,000.00.

90.    Defendants paid Mr. Mardice bi-weekly wages totaling $2,692.31.

91.    Defendants did not pay Mr. Mardice for work he performed from in or around mid-December 2017 through December 31, 2017.

92.    Mr. Mardice was covered by Defendants' written policy of paying out Employees' unused accrued vacation days upon terminating their employment.

93.    Mr. Mardice was covered by Defendants' written policy regarding reimbursement of work-related expenses.

94.    From May 20, 2019 through May 24, 2019, Mr. Mardice worked a total of approximately fifty (50) hours.

95.    From May 27, 2019 through May 31, 2019, Mr. Mardice worked a total of approximately fifty (50) hours.

96.    During a June 7, 2019 telephone call, Ms. Burnett informed Mr. Mardice that Defendants had terminated his employment, effectively immediately.

97.    On June 10, 2019, Ms. Burnett confirmed Mr. Mardice's termination via email.

98.    To date, Defendants still have not compensated Mr. Mardice for any of his hours worked from May 20, 2019 through June 7, 2019.

99.    Further, at the time of his termination, Mr. Mardice had approximately 108.923 hours of unused accrued vacation time.

100.    To date, Defendants still have not compensated Mr. Mardice for his unused accrued vacation time.

101.    Additionally, at the time of his termination, Mr. Mardice had properly submitted work-related expenses to Defendants totaling approximately $2,339.29.

102.    To date, Defendants have not reimbursed Mr. Mardice for his work-related expenses.

G.     **Plaintiff Jasmine Washington**

103.     Ms. Washington worked for Defendants as a Digital Content Producer from on or around March 4, 2019 through June 7, 2019.

104.     Throughout her employment, Ms. Washington worked approximately forty (40) to fifty (50) hours per week.

105.     In 2019, Ms. Washington earned an annual salary of $50,000.00

106.     Defendants paid Ms. Washington bi-weekly wages totaling $1,923.08.

107.     Ms. Washington was covered by Defendants' written policy of paying out Employees' unused accrued vacation days upon terminating their employment.

108.     Ms. Washington was covered by Defendants' written policy regarding reimbursement of work-related expenses.

109.     From May 20, 2019 through May 24, 2019, Ms. Washington worked a total of approximately forty (40) hours.

110.     From May 27, 2019 through May 31, 2019, Ms. Washington worked a total of approximately thirty-two (32) hours.

111.     Ms. Washington did not work from June 3, 2019 through June 7, 2019.

112.     On June 7, 2019, Ms. Burnett informed Ms. Washington that Defendants had terminated her employment, effective on June 7, 2019.

113.     To date, Defendants still have not compensated Ms. Washington for any of her hours worked from May 20, 2019 through June 7, 2019.

H.     **Plaintiff Juan Miranda**

114.     Mr. Miranda worked for Defendants as an Information Technology Director from on or around April 10, 2017 through June 18, 2019.

115.    Throughout his employment, Mr. Miranda worked approximately forty (40) to fifty (50) hours per week.

116.    In 2019, Mr. Miranda earned an annual salary of $70,000.00

117.    Defendants paid Mr. Miranda bi-weekly wages totaling $2,692.31.

118.    Mr. Miranda was covered by Defendants' written policy of paying out Employees' unused accrued vacation days upon terminating their employment.

119.    Mr. Miranda was covered by Defendants' written policy regarding reimbursement of work-related expenses.

120.    From May 20, 2019 through May 24, 2019, Mr. Miranda worked a total of approximately forty (40) hours.

121.    From May 27, 2019 through May 31, 2019, Mr. Miranda worked a total of approximately forty (40) hours.

122.    From June 3, 2019 through June 7, 2019, Mr. Miranda worked a total of approximately forty (40) hours.

123.    From June 8, 2019 through June 14, 2019, Mr. Miranda worked a total of approximately forty (40) hours.

124.    On June 18, 2019, Ms. Burnett emailed Mr. Miranda to inform him that Defendants had terminated his employment, effective on June 14, 2019.

125.    To date, Defendants still have not compensated Mr. Miranda for all of his hours worked from May 20, 2019 through June 14, 2019.

126.    Mr. Miranda elected to participate in Defendants' 401(k) plan.

127.    Mr. Miranda elected to contribute $28.92 from each of his bi-weekly paychecks to his 401(k) account.

128. Pursuant to their written policy, Defendants agreed to match all of Mr. Miranda's contributions.

129. From in or around January 11, 2019 through the date of Mr. Miranda's termination, Defendants stopped contributing the $28.92 withdrawn from his bi-weekly paychecks to his 401(k) account.

130. Defendants also stopped contributing their promised matching contribution to Mr. Miranda's 401(k) account.

131. To date, Defendants have not repaid Mr. Miranda for any of the wages unlawfully deducted from his bi-weekly paychecks and not contributed to his 401(k) account.

132. Similarly, to date, Defendants have not paid Mr. Miranda their promised matching contribution to his 401(k) account.

133. Further, at the time of his termination, Mr. Miranda had approximately 108.923 hours of unused accrued vacation time.

134. To date, Defendants still have not compensated Mr. Miranda for his unused accrued vacation time.

I.    **Plaintiff Preston Norman**

135. Mr. Norman worked for Defendants as a Video/Web Production Coordinator from on or around November 1, 2017 through June 7, 2019.

136. Throughout his employment, Mr. Norman worked approximately forty (40) hours per week.

137. In 2019, Defendants paid Mr. Norman at a rate of $17.50 per hour.

138. Mr. Norman was covered by Defendants' written policy of paying out Employees' unused accrued vacation days upon terminating their employment.

139.    Mr. Norman was covered by Defendants' written policy regarding reimbursement of work-related expenses.

140.    From May 20, 2019 through May 24, 2019, Mr. Norman worked a total of approximately forty (40) hours.

141.    From May 27, 2019 through May 31, 2019, Mr. Norman worked a total of approximately forty (40) hours.

142.    From June 3, 2019 through June 7, 2019, Mr. Norman worked a total of approximately forty (40) hours.

143.    On June 10, 2019, Ms. Burnett emailed Mr. Norman to inform him that Defendants had terminated his employment, effective on June 7, 2019.

144.    To date, Defendants still have not compensated Mr. Norman for any of his hours worked from May 20, 2019 through June 7, 2019.

145.    Further, at the time of his termination, Mr. Norman had approximately 116.923 hours of unused accrued vacation time.

146.    To date, Defendants still have not compensated Mr. Norman for his unused accrued vacation time.

## J.    Plaintiff Christina Santi

147.    Ms. Santi worked for Defendants as a Writer from on or around February 27, 2017 through June 7, 2019.

148.    Throughout her employment, Ms. Santi worked approximately forty (40) to fifty (50) hours per week.

149.    In 2019, Ms. Santi earned an annual salary of $60,000.00.

150.    Defendants paid Ms. Santi bi-weekly wages totaling $2,307.69.

151.    Ms. Santi was covered by Defendants' written policy of paying out Employees' unused accrued vacation days upon terminating their employment.

152.    Ms. Santi was covered by Defendants' written policy regarding reimbursement of work-related expenses.

153.    From May 20, 2019 through May 24, 2019, Ms. Santi worked a total of approximately forty-seven and one half (47.5) hours.

154.    From May 27, 2019 through May 31, 2019, Ms. Santi worked a total of approximately fifty-two (52) hours.

155.    From June 3, 2019 through June 7, 2019, Ms. Santi worked a total of approximately two (2) hours.

156.    On June 10, 2019, Ms. Burnett emailed Ms. Santi to inform her that Defendants had terminated her employment, effective on June 7, 2019.

157.    To date, Defendants still have not compensated Ms. Santi for any of her hours worked from May 20, 2019 through June 7, 2019.

158.    Ms. Santi elected to participate in Defendants' 401(k) plan.

159.    Ms. Santi elected to contribute $100 from each of her bi-weekly paychecks to her 401(k) account.

160.    Pursuant to their written policy, Defendants agreed to match all of Ms. Santi's contributions.

161.    From in or around January 11, 2019 through the date of Ms. Santi's termination, Defendants stopped contributing the $100 withdrawn from her bi-weekly paychecks to her 401(k) account.

162.     Defendants also stopped contributing their promised matching contribution to Ms. Santi's 401(k) account.

163.     To date, Defendants have not repaid Ms. Santi for any of the wages unlawfully deducted from her bi-weekly paychecks and not contributed to her 401(k) account.

164.     Similarly, to date, Defendants have not paid Ms. Santi their promised matching contribution to her 401(k) account.

165.     Further, at the time of her termination, Ms. Santi had approximately 108.923 hours of unused accrued vacation time.

166.     To date, Defendants still have not compensated Ms. Santi for her unused accrued vacation time.

167.     Additionally, at the time of her termination, Ms. Santi had properly submitted work-related expenses to Defendants totaling approximately $123.18.

168.     To date, Defendants have not reimbursed Ms. Santi for her work-related expenses.

**K.**     **Plaintiff Sandeep Singh**

169.     Mr. Singh worked for Defendants as a Content Director from on or around January 23, 2018 through June 7, 2019.

170.     Throughout his employment, Mr. Singh worked approximately fifty (50) hours per week.

171.     In 2019, Mr. Singh earned an annual salary of $100,000.00.

172.     Defendants paid Mr. Singh bi-weekly wages totaling $3,846.16.

173.     Mr. Singh was covered by Defendants' written policy of paying out Employees' unused accrued vacation days upon terminating their employment.

174. Mr. Singh was covered by Defendants' written policy regarding reimbursement of work-related expenses.

175. From May 20, 2019 through May 24, 2019, Mr. Singh worked a total of approximately fifty (50) hours.

176. From May 27, 2019 through May 31, 2019, Mr. Singh worked a total of approximately fifty (50) hours.

177. From June 3, 2019 through June 7, 2019, Mr. Singh worked a total of approximately two (2) hours.

178. On June 10, 2019, Ms. Burnett emailed Mr. Singh to inform him that Defendants had terminated his employment, effective on June 7, 2019.

179. To date, Defendants still have not compensated Mr. Singh for any of his hours worked from May 20, 2019 through June 7, 2019.

180. Further, at the time of his termination, Mr. Singh had approximately 108.923 hours of unused accrued vacation time.

181. To date, Defendants still have not compensated Mr. Singh for his unused accrued vacation time.

L.    **Plaintiff Rickey Turner**

182. Mr. Turner worked for Defendants as a Senior Video Producer from on or around March 1, 2019 through June 7, 2019.

183. Throughout his employment, Mr. Turner worked approximately forty (40) to fifty (50) hours per week.

184. In 2019, Mr. Turner earned an annual salary of $55,000.00.

185. Defendants paid Mr. Turner bi-weekly wages totaling $2,115.39.

186.    Mr. Turner was covered by Defendants' written policy of paying out Employees' unused accrued vacation days upon terminating their employment.

187.    Mr. Turner was covered by Defendants' written policy regarding reimbursement of work-related expenses.

188.    From May 20, 2019 through May 24, 2019, Mr. Turner worked a total of approximately forty-four (44) hours.

189.    From May 27, 2019 through May 31, 2019, Mr. Turner worked a total of approximately forty-four (44) hours.

190.    From June 3, 2019 through June 7, 2019, Mr. Turner worked a total of approximately three (3) hours.

191.    On June 10, 2019, Ms. Burnett emailed Mr. Turner to inform him that Defendants had terminated his employment, effective on June 7, 2019.

192.    To date, Defendants still have not compensated Mr. Turner for any of his hours worked from May 20, 2019 through June 7, 2019.

193.    Further, at the time of his termination, Mr. Turner had approximately 108.923 hours of unused accrued vacation time.

194.    To date, Defendants still have not compensated Mr. Turner for his unused accrued vacation time.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

195.    Plaintiffs bring this action, in part, as a collective action under the FLSA and all applicable regulations thereunder.

196.    Plaintiffs seek to maintain claims, pursuant to FLSA § 216(b), on behalf of themselves and all other Employees who have been employed by Defendants at any time during the full statute of limitations period (the "FLSA Collective").

197.    At all relevant times, Plaintiffs and the FLSA Collective were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, plans, and scheme, and were subject to Defendants' practices of, *inter alia*: (i) failing to compensate them at the federal minimum wage rate for all hours worked under forty (40) hours in a workweek; (ii) failing to compensate them at one and one-half times their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek; and (iii) failing to timely pay them all earned wages.

198.    During the statute of limitations period, Defendants have been fully aware of compensation paid to Plaintiffs and the FLSA Collective as well as the duties performed by Plaintiffs and the FLSA Collective, and that Plaintiffs and the FLSA Collective were not exempt from the provisions of the FLSA during the period in which they were unlawfully denied minimum, overtime, and timely payment of wages.

199.    Defendants' violations of the FLSA have been willful, repeated, knowing, intentional, and without a good faith basis, and have significantly damaged Plaintiffs and the FLSA Collective.

200.    As a result of Defendants' unlawful conduct, they are liable to Plaintiffs and the FLSA Collective for the full amount of their unpaid wages, with interest, an additional equal amount as liquidated damages, plus reasonable attorneys' fees and costs incurred by Plaintiffs and the FLSA Collective.

201.    While the exact number of Employees comprising the FLSA Collective is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs believe there are approximately forty (40) additional similarly situated persons who were employed by Defendants during the full statute of limitations period.

202.    Plaintiffs are currently unaware of the identities of the members of the FLSA Collective.

203.    Accordingly, Defendants should be required to provide Plaintiffs with a list of all persons employed by Defendants during the full statute of limitations period, along with their last known addresses, telephone numbers, and email addresses, so Plaintiffs can give the members of the FLSA Collective notice of this action and an opportunity to make an informed decision regarding whether to participate therein.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE FLSA: FAILURE TO PAY MINIMUM WAGE**
(*On Behalf of Plaintiffs and the FLSA Collective*)

204.    Plaintiffs, on behalf of themselves and the FLSA Collective, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

205.    During the full statutory period, Plaintiffs and the FLSA Collective were protected by the provisions of the FLSA, 29 U.S.C §§ 201, *et seq.*, and all applicable regulations thereunder.

206.    The FLSA requires covered employers, including Defendants, to compensate employees at a rate not less than the federal minimum wage for all hours worked under forty (40) hours in a workweek.

207.    Plaintiffs and the FLSA Collective were not exempt from the requirement that Defendants pay them minimum wages under the FLSA, and they are entitled to be paid minimum

wages by Defendants for all hours worked under forty (40) hours in a workweek during the full statute of limitations period.

208.    During the statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Plaintiffs and the FLSA Collective at a rate not less than the federal minimum wage for all hours worked under forty (40) hours in a workweek, including by, *inter alia*, failing to pay them any wages at all during their final one (1) to four (4) weeks of employment.

209.    As a result of Defendants' failure to compensate Plaintiffs and the FLSA Collective at a rate not less than the federal minimum wage for all hours worked under forty (40) hours in a workweek, Defendants have violated the FLSA and/or applicable regulations thereunder.

210.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs and the FLSA Collective in accordance with the FLSA and/or applicable regulations thereunder.

211.    Defendants' violations of the FLSA have significantly harmed Plaintiffs and the FLSA Collective and entitle them to recover damages to the greatest extent permitted under the law.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE FLSA: FAILURE TO PAY OVERTIME**
(*On Behalf of Plaintiffs and the FLSA Collective*)

212.    Plaintiffs, on behalf of themselves and the FLSA Collective, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

213.    During the full statutory period, Plaintiffs and the FLSA Collective were protected by the provisions of the FLSA, 29 U.S.C §§ 201, *et seq.*, and all applicable regulations thereunder.

214.    The FLSA requires covered employers, including Defendants, to compensate employees at a rate not less one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

215.    Plaintiffs and the FLSA Collective were not exempt from the requirement that Defendants pay them overtime under the FLSA, and they are entitled to be paid overtime by Defendants for all hours worked in excess of forty (40) hours in a workweek during the full statute of limitations period.

216.    During the statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Plaintiffs and the FLSA Collective at a rate not less one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, including by, *inter alia*, failing to pay them any wages at all during their final one (1) to four (4) weeks of employment.

217.    As a result of Defendants' failure to compensate Plaintiffs and the FLSA Collective at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, Defendants have violated the FLSA and/or applicable regulations thereunder.

218.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs and the FLSA Collective in accordance with the FLSA.

219.    Defendants' violations of the FLSA have significantly harmed Plaintiffs and the FLSA Collective and entitle them to recover damages to the greatest extent permitted under the law.

## THIRD CAUSE OF ACTION
## VIIOLATIONS OF THE FLSA: LATE PAYMENT OF WAGES
### (*On Behalf of Plaintiffs and the FLSA Collective*)

220.    Plaintiffs, on behalf of themselves and the FLSA Collective, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

221.    During the full statutory period, Plaintiffs and the FLSA Collective were protected by the provisions of the FLSA, 29 U.S.C §§ 201, *et seq.*, and all applicable regulations thereunder.

222.    The FLSA requires covered employers, including Defendants, to pay employees all compensation earned in a particular workweek on the regular pay day for the period in which such workweek ends.

223.    Plaintiffs and the FLSA Collective were not exempt from the requirement that Defendants timely pay them their wages.

224.    During the statute of limitations period, Defendants have engaged in a policy and practice of failing to pay Plaintiffs and the FLSA Collective all compensation earned in a particular workweek on the regular pay day for the period in which such workweek ends, including by, *inter alia*, failing to pay them any wages at all during their final one to four weeks of employment.

225.    As a result of Defendants' failure to pay Plaintiffs and the FLSA Collective all compensation earned in a particular workweek on the regular pay day for the period in which such workweek ends, Defendants have violated the FLSA and/or applicable regulations thereunder.

226.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs and the FLSA Collective in accordance with the FLSA.

227.    Defendants' violations of the FLSA have significantly harmed Plaintiffs and the FLSA Collective and entitle them to recover damages to the greatest extent permitted under the law.

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: FAILURE TO PAY FINAL WAGES**
**(*On Behalf of Plaintiffs Washington, Santi, Singh, and Turner, As Well As All***
***Individuals Who Have Worked for Defendants in New York and Opt into the FLSA Collective*)**

228.    Ms. Washington, Ms. Santi, Mr. Singh, and Mr. Turner, on behalf of themselves and all members of the FLSA Collective who have worked in New York, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

229.    During the full statutory period, Ms. Washington, Ms. Santi, Mr. Singh, Mr. Turner, and all members of the FLSA Collective who have worked in New York were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, and 650, *et seq.*, and all applicable regulations thereunder.

230.    The NYLL requires covered employers, including Defendants, to pay final wages to employees not later than the regular pay day for the pay period during which the termination occurred.

231.    Ms. Washington, Ms. Santi, Mr. Singh, Mr. Turner, and all members of the FLSA Collective who have worked in New York were not exempt from the requirement that their employer pay them their final wages in full by no later than the regular pay day for the pay period during which they were terminated.

232.    During the statute of limitations period, Defendants have engaged in a policy and practice of failing to pay Ms. Washington, Ms. Santi, Mr. Singh, Mr. Turner, and all members of the FLSA Collective who have worked in New York in full by no later than the regular pay day for the pay period during which they were terminated.

233.    In fact, to this day, Defendants have still not paid Ms. Washington, Ms. Santi, Mr. Singh, Mr. Turner, and all members of the FLSA Collective who have worked in New York their final wages.

234.    As a result of Defendants' failure to pay Ms. Washington, Ms. Santi, Mr. Singh, Mr. Turner, and all members of the FLSA Collective who have worked in New York their final wages by no later than the regular pay day for the pay period during which they were terminated, Defendants have violated the NYLL and/or applicable regulations thereunder.

235.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Ms. Washington, Ms. Santi, Mr. Singh, Mr. Turner, and all members of the FLSA Collective who have worked in New York in accordance with the NYLL.

236.    Defendants' violations of the NYLL have significantly harmed Ms. Washington, Ms. Santi, Mr. Singh, Mr. Turner, and all members of the FLSA Collective who have worked in New York and entitle them to recover damages to the greatest extent permitted under the law.

**FIFTH CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: FAILURE TO PAY ALL WAGES OWED**
***(On Behalf of Plaintiffs Washington, Santi, Singh, and Turner, As Well As All Individuals Who Have Worked for Defendants in New York and Opt into the FLSA Collective)***

237.    Ms. Washington, Ms. Santi, Mr. Singh, and Mr. Turner, on behalf of themselves and all members of the FLSA Collective who have worked in New York, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

238.    During the full statutory period, Ms. Washington, Ms. Santi, Mr. Singh, Mr. Turner, and all members of the FLSA Collective who have worked in New York were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, and 650, *et seq.*, and all applicable regulations thereunder.

239.    The NYLL requires covered employers, including Defendants, to pay employees in accordance with their agreed terms of employment.

240.    Ms. Washington, Ms. Santi, Mr. Singh, Mr. Turner, and all members of the FLSA Collective who have worked in New York were not exempt from the requirement that their employer pay them in accordance with their agreed terms of employment.

241.    During the statute of limitations period, Defendants have engaged in a common policy and practice of failing to pay Ms. Washington, Ms. Santi, Mr. Singh, Mr. Turner, and all members of the FLSA Collective who have worked in New York in accordance with their agreed terms of employment, including by, *inter alia*, failing to pay them at their agreed upon rates during their final one to four weeks of employment.

242.    As a result of Defendants' failure to compensate Ms. Washington, Ms. Santi, Mr. Singh, Mr. Turner, and all members of the FLSA Collective who have worked in New York in accordance with their agreed terms of employment, Defendants have violated the NYLL and/or applicable regulations thereunder.

243.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Ms. Washington, Ms. Santi, Mr. Singh, Mr. Turner, and all members of the FLSA Collective who have worked in New York in accordance with the NYLL.

244.    Defendants' violations of the NYLL have significantly harmed Ms. Washington, Ms. Santi, Mr. Singh, Mr. Turner, and all members of the FLSA Collective who have worked in New York and entitle them to recover damages to the greatest extent permitted under the law.

**SIXTH CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: FAILURE TO PAY MINIMUM WAGE**
**(*On Behalf of Plaintiffs Washington, Santi, Singh, and Turner, As Well As All Individuals Who Have Worked for Defendants in New York and Opt into the FLSA Collective*)**

245.    Ms. Washington, Ms. Santi, Mr. Singh, and Mr. Turner, on behalf of themselves and all members of the FLSA Collective who have worked in New York, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

246.    During the full statutory period, Ms. Washington, Ms. Santi, Mr. Singh, Mr. Turner, and all members of the FLSA Collective who have worked in New York were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, and 650, *et seq.*, and all applicable regulations thereunder.

247.    The NYLL requires covered employers, including Defendants, to compensate employees at a rate not less than the State or local minimum wage for all hours worked under forty (40) hours in a workweek.

248.    Ms. Washington, Ms. Santi, Mr. Singh, Mr. Turner, and all members of the FLSA Collective who have worked in New York were not exempt from the requirement that Defendants pay them minimum wages under the NYLL, and they are entitled to be paid minimum wages by Defendants for all hours worked under forty (40) hours in a workweek during the full statute of limitations period.

249.    During the statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Ms. Washington, Ms. Santi, Mr. Singh, Mr. Turner, and all members of the FLSA Collective who have worked in New York at a rate not less than the State or local minimum wage for all hours worked under forty (40) hours in a workweek.

250.    As a result of Defendants' failure to compensate Ms. Washington, Ms. Santi, Mr. Singh, Mr. Turner, and all members of the FLSA Collective who have worked in New York at a rate not less than the State or local minimum wage for all hours worked under forty (40) hours in a workweek, Defendants have violated the NYLL and/or applicable regulations thereunder.

251.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Ms. Washington, Ms. Santi, Mr. Singh, Mr. Turner, and all members of the FLSA Collective who have worked in New York in accordance with the NYLL.

252.    Defendants' violations of the NYLL have significantly harmed Ms. Washington, Ms. Santi, Mr. Singh, Mr. Turner, and all members of the FLSA Collective who have worked in New York and entitle them to recover damages to the greatest extent permitted under the law.

## SEVENTH CAUSE OF ACTION
## VIOLATIONS OF THE NYLL: FAILURE TO PAY OVERTIME
### (*On Behalf of Plaintiffs Santi, Singh, and Turner, As Well As All Individuals Who Have Worked for Defendants in New York and Opt into the FLSA Collective*)

253.    Ms. Santi, Mr. Singh, and Mr. Turner, on behalf of themselves and all members of the FLSA Collective who have worked in New York, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

254.    During the full statutory period, Ms. Santi, Mr. Singh, Mr. Turner, and all members of the FLSA Collective who have worked in New York were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, and 650, *et seq.*, and all applicable regulations thereunder.

255.    The NYLL requires covered employers, including Defendants, to compensate employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

256.    Ms. Santi, Mr. Singh, Mr. Turner, and all members of the FLSA Collective who have worked in New York were not exempt from the requirement that Defendants pay them overtime under the NYLL, and they are entitled to be paid overtime by Defendants for all hours worked in excess of forty (40) hours in a workweek during the full statute of limitations period.

257.    During the statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Ms. Santi, Mr. Singh, Mr. Turner, and all members of the FLSA Collective who have worked in New York at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

258.    As a result of Defendants' failure to compensate Ms. Santi, Mr. Singh, Mr. Turner, and all members of the FLSA Collective who have worked in New York at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, Defendants have violated the NYLL and/or applicable regulations thereunder.

259.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Ms. Santi, Mr. Singh, Mr. Turner, and all members of the FLSA Collective who have worked in New York in accordance with the NYLL.

260.    Defendants' violations of the NYLL have significantly harmed Ms. Santi, Mr. Singh, Mr. Turner, and all members of the FLSA Collective who have worked in New York and entitle them to recover damages to the greatest extent permitted under the law.

## EIGHTH CAUSE OF ACTION
## VIOLATIONS OF THE NYLL: UNLAWFUL DEDUCTIONS
### (On Behalf of Plaintiff Santi and All Individuals
### Who Have Worked for Defendants in New York and Opt into the FLSA Collective)

261.    Ms. Santi, on behalf of herself and all members of the FLSA Collective who have worked in New York, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

262.    During the full statutory period, Ms. Santi and all members of the FLSA Collective who have worked in New York were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, and 650, *et seq.*, and all applicable regulations thereunder.

263.    The NYLL prohibits covered employers, including Defendants, from making certain unlawful deductions from wages.

264.    Ms. Santi and all members of the FLSA Collective who have worked in New York were not exempt from the requirement that their employer not make certain unlawful deductions from their wages.

265.    During the statute of limitations period, Defendants have engaged in a policy and practice of making unlawful deductions from the wages of Ms. Santi and all members of the FLSA Collective who have worked in New York, including, *inter alia*, deductions for purported 401(k) contributions that Defendants retained.

266.    As a result of Defendants' unlawful deductions from the wages of Ms. Santi and all members of the FLSA Collective who have worked in New York, Defendants have violated the NYLL and/or applicable regulations thereunder.

267.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Ms. Santi and all members of the FLSA Collective who have worked in New York in accordance with the NYLL.

268.    Defendants' violations of the NYLL have significantly harmed Ms. Santi and all members of the FLSA Collective who have worked in New York and entitle them to recover damages to the greatest extent permitted under the law.

**NINTH CAUSE OF ACTION**
**VIOLATION OF THE CLC: FAILURE TO PAY FINAL WAGES**
**(*On Behalf of Plaintiff Mardice and All Individuals**
***Who Have Worked for Defendants in California and Opt into the FLSA Collective*)**

269.    Mr. Mardice, on behalf of himself and all members of the FLSA Collective who have worked in California, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

270.    During the full statutory period, Mr. Mardice and all members of the FLSA Collective who have worked in California were protected by the provisions of CLC, Cal. Lab. Code §§ 200, *et seq.*, and all applicable regulations thereunder.

271.    The CLC requires covered employers, including Defendants, to immediately pay employees all earned wages at the time of discharge.

272.    Mr. Mardice and all members of the FLSA Collective who have worked in California were not exempt from the requirement that Defendants pay them earned wages at the time of their discharge.

273.    During the statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Mr. Mardice and all members of the FLSA Collective who have worked in California all earned wages at the time of their discharge.

274.    As a result of Defendants' failure to pay Mr. Mardice and all members of the FLSA Collective who have worked in California all earned wages at the time of their discharge, Defendants have violated the CLC and/or applicable regulations thereunder.

275.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to pay Mr. Mardice and all members of the FLSA Collective who worked in California in accordance with the CLC.

276.    Defendants' violations of the CLC have significantly harmed Mr. Mardice and all members of the FLSA Collective who have worked in California and entitle them to recover damages to the greatest extent permitted under the law.

**TENTH CAUSE OF ACTION**
**VIOLATIONS OF THE CLC: FAILURE TO PAY MINIMUM WAGE**
**(On Behalf of Plaintiff Mardice and All Individuals**
**Who Have Worked for Defendants in California and Opt into the FLSA Collective)**

277.    Mr. Mardice, on behalf of himself and all members of the FLSA Collective who have worked in California, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

278.    During the full statutory period, Mr. Mardice and all members of the FLSA Collective who have worked in California were protected by the provisions of CLC, Cal. Lab. Code §§ 200, *et seq.*, and all applicable regulations thereunder.

279.    The CLC requires covered employers, including Defendants, to compensate employees at a rate not less than the State or local minimum wage for all hours worked under forty (40) hours in a workweek.

280.    Mr. Mardice and all members of the FLSA Collective who have worked in California were not exempt from the requirement that Defendants pay them minimum wages under the CLC, and they are entitled to be paid minimum wages by Defendants for all hours worked under forty (40) hours in a workweek during the full statute of limitations period.

281.    During the statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Mr. Mardice and all members of the FLSA Collective who have worked in California at a rate not less than the State or local minimum wage for all hours worked under forty (40) hours in a workweek.

282.    As a result of Defendants' failure to compensate Mr. Mardice and all members of the FLSA Collective who have worked in California at a rate not less than the State or local minimum wage for all hours worked under forty (40) hours in a workweek, Defendants have violated the CLC and/or applicable regulations thereunder.

283.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Mr. Mardice and all members of the FLSA Collective who have worked in California in accordance with the CLC.

284.    Defendants' violations of the CLC have significantly harmed Mr. Mardice and all members of the FLSA Collective who have worked in California and entitle them to recover damages to the greatest extent permitted under the law.

**ELEVENTH CAUSE OF ACTION**
**VIOLATION OF CLC: FAILURE TO PAY OVERTIME**
*(On Behalf of Plaintiff Mardice and All Individuals*
*Who Have Worked for Defendants in California and Opt into the FLSA Collective)*

285.    Mr. Mardice, on behalf of himself and all members of the FLSA Collective who have worked in California, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

286.    During the full statutory period, Mr. Mardice and all members of the FLSA Collective who have worked in California were protected by the provisions of CLC, Cal. Lab. Code §§ 200, *et seq.*, and all applicable regulations thereunder.

287.    The CLC requires covered employers, including Defendants, to compensate employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

288.    Mr. Mardice and all members of the FLSA Collective who have worked in California were not exempt from the requirement that Defendants pay them overtime under the CLC, and they are entitled to be paid overtime by Defendants for all hours worked in excess of forty (40) hours in a workweek during the full statute of limitations period.

289.    During the statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Mr. Mardice and all members of the FLSA Collective who have worked in California at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

290.    As a result of Defendants' failure to compensate Mr. Mardice and all members of the FLSA Collective who have worked in California at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, Defendants have violated the CLC and/or applicable regulations thereunder.

291.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Mr. Mardice and all members of the FLSA Collective who have worked in California in accordance with the CLC.

292.    Defendants' violations of the CLC have significantly harmed Mr. Mardice and all members of the FLSA Collective who have worked in California and entitle them to recover damages to the greatest extent permitted under the law.

**TWELFTH CAUSE OF ACTION**
**VIOLATIONS OF THE CLC: FAILURE TO PAY UNUSED VACATION TIME**
***(On Behalf of Plaintiff Mardice and All Individuals***
***Who Have Worked for Defendants in California and Opt into the FLSA Collective)***

293.    Mr. Mardice, on behalf of himself and all members of the FLSA Collective who have worked in California, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

294.    During the full statutory period, Mr. Mardice and all members of the FLSA Collective who have worked in California were protected by the provisions of CLC, Cal. Lab. Code §§ 200, *et seq.*, and all applicable regulations thereunder.

295.    The CLC requires covered employers, including Defendants, to immediately pay employees for all paid vacation days at their final rates of pay whenever a contract of employment or employer policy provides for paid vacation and employees are terminated without having used all vested vacation time.

296.    Mr. Mardice and all members of the FLSA Collective who have worked in California were not exempt from the requirement that their employer pay all vested vacation as wages upon their terminations.

297.    Defendants maintained a policy that provided for paid vacation.

298.    Mr. Mardice and all members of the FLSA Collective who have worked in California were terminated without having used all vested vacation time.

299.    During the statute of limitations period, Defendants have engaged in a policy and practice of failing to pay vested vacation as wages to Mr. Mardice and all members of the FLSA Collective who have worked in California upon their terminations.

300.    As a result of Defendants' failures to pay Mr. Mardice and all members of the FLSA Collective who have worked in California all vested vacation as wages upon their terminations, Defendants have violated the CLC and/or applicable regulations thereunder.

301.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Mr. Mardice and all members of the FLSA Collective who have worked in California in accordance with the CLC.

302.    Defendants' violations of the CLC have significantly harmed Mr. Mardice and all members of the FLSA Collective who have worked in California and entitle them to recover damages to the greatest extent permitted under the law.

### THIRTEENTH CAUSE OF ACTION
### VIOLATION OF CLC: REIMBURSEMENT OF EXPENSES
**(*On Behalf of Plaintiff Mardice and All Individuals*
*Who Have Worked for Defendants in California and Opt into the FLSA Collective*)**

303.    Mr. Mardice, on behalf of himself and all members of the FLSA Collective who have worked in California, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

304.    During the full statutory period, Mr. Mardice and all members of the FLSA Collective who have worked in California were protected by the provisions of CLC, Cal. Lab. Code §§ 200, *et seq.*, and all applicable regulations thereunder.

305.    The CLC requires covered employers, including Defendants, to indemnify their employees for all necessary expenditures or losses incurred by in direct consequence of the discharge of their duties.

306.    Mr. Mardice and all members of the FLSA Collective who have worked in California were not exempt from the requirement that their employer so indemnify them.

307.    During the statute of limitations period, Defendants have engaged in a policy and practice of failing to properly indemnify Mr. Mardice and all members of the FLSA Collective for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties.

308.    As a result of Defendants' failure to properly indemnify Mr. Mardice and all members of the FLSA Collective, Defendants have violated the CLC and/or applicable regulations thereunder.

309.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Mr. Mardice and all members of the FLSA Collective who have worked in California in accordance with the CLC.

310.    Defendants' violations of the CLC have significantly harmed Mr. Mardice and all members of the FLSA Collective who have worked in California and entitle them to recover damages to the greatest extent permitted under the law.

## FOURTEENTH CAUSE OF ACTION
## VIOLATIONS OF THE IWPCA: FAILURE TO PAY FINAL WAGES
### (*On Behalf of Plaintiffs Miranda and Norman, As Well As All Individuals Who Have Worked for Defendants in Illinois and Opt into the FLSA Collective*)

311.    Mr. Miranda and Mr. Norman, on behalf of themselves and all members of the FLSA Collective who have worked in Illinois, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

312.    During the full statutory period, Mr. Miranda, Mr. Norman, and all members of the FLSA Collective who have worked in Illinois were protected by the IWPCA, 820 Ill. Comp. Stat. Ann. §§ 115, *et seq.*, and all applicable regulations thereunder.

313.    The IWPCA requires covered employers, including Defendants, to pay employees in full at the time of separation, if possible, but in no case any later than the employees' next regularly scheduled payday.

314.    Mr. Miranda, Mr. Norman, and all members of the FLSA Collective who have worked in Illinois were not exempt from the requirement that Defendants pay them in full by no later than the next regularly scheduled payday following their separations.

315.    During the statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Mr. Miranda, Mr. Norman, and all members of the FLSA Collective who have worked in Illinois in full by no later than the next regularly scheduled payday following their separations.

316.    As a result of Defendants' failure to pay Mr. Miranda, Mr. Norman, and all members of the FLSA Collective who have worked in Illinois in full by no later than the next regularly scheduled payday following their separations, Defendants have violated the IWPCA and/or applicable regulations thereunder.

317.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to pay Mr. Miranda, Mr. Norman and all members of the FLSA Collective who have worked in Illinois in accordance with the IWCPA.

318.    Defendants' violations of the IWCPA have significantly harmed Mr. Miranda, Mr. Norman and all members of the FLSA Collective who have worked in Illinois and entitle them to recover damages to the greatest extent permitted under the law.

## FIFTEENTH CAUSE OF ACTION
## VIOLATIONS OF THE IWPCA: FAILURE TO PAY UNUSED VACATION TIME
### (*On Behalf of Plaintiffs Miranda and Norman, As Well As All Individuals Who Have Worked for Defendants in Illinois and Opt into the FLSA Collective*)

319.    Mr. Miranda and Mr. Norman, on behalf of themselves and all members of the FLSA Collective who have worked in Illinois, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

320.    During the full statutory period, Mr. Miranda, Mr. Norman, and all members of the FLSA Collective who have worked in Illinois were protected by the IWPCA, 820 Ill. Comp. Stat. Ann. §§ 115, *et seq.*, and all applicable regulations thereunder.

321.    The IWPCA requires covered employers, including Defendants, to pay employees, upon resignation or termination, the monetary equivalent of all earned vacation at their final rate of pay.

322.    Mr. Miranda, Mr. Norman, and all members of the FLSA Collective who have worked in Illinois were not exempt from the requirement that Defendants pay them, upon resignation or termination, the monetary equivalent of all earned vacation at their final rate of pay.

323.    During the statute of limitations period, Defendants have engaged in a policy and practice of failing to pay Mr. Miranda, Mr. Norman, and all members of the FLSA Collective who have worked in Illinois, upon resignation or termination, the monetary equivalent of all earned vacation at their final rate of pay.

324.    As a result of Defendants' failure to pay Mr. Miranda, Mr. Norman and all members of the FLSA Collective who have worked in Illinois, upon resignation or termination, the monetary equivalent of all earned vacation at their final rate of pay, Defendants have violated the IWPCA and/or applicable regulations thereunder.

325.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to pay Mr. Miranda, Mr. Norman and all members of the FLSA Collective who have worked in Illinois in accordance with the IWCPA.

326.    Defendants' violations of the IWCPA have significantly harmed Mr. Miranda, Mr. Norman and all members of the FLSA Collective who have worked in Illinois and entitle them to recover damages to the greatest extent permitted under the law.

### SIXTEENTH CAUSE OF ACTION
### VIOLATIONS OF THE IWPCA: UNLAWFUL DEDUCTIONS
**(On Behalf of Plaintiff Miranda and All Individuals
Who Have Worked for Defendants in Illinois and Opt into the FLSA Collective)**

327.    Mr. Miranda, on behalf of himself and all members of the FLSA Collective who have worked in Illinois, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

328.    During the full statutory period, Mr. Miranda and all members of the FLSA Collective who have worked in Illinois were protected by the IWPCA, 820 Ill. Comp. Stat. Ann. §§ 115, *et seq.*, and all applicable regulations thereunder.

329.    The IWPCA prohibits covered employers, including Defendants, from making certain deductions from wages.

330.    Mr. Miranda and all members of the FLSA Collective who have worked in Illinois were not exempt from the requirement that their employer not make unlawful deductions from their wages.

331.    During the statute of limitations period, Defendants have engaged in a policy and practice of making unlawful deductions from the wages of Mr. Miranda and all members of the FLSA Collective who have worked in Illinois, including, *inter alia*, deductions for purported 401(k) contributions that Defendants retained.

332.    As a result of Defendants' unlawful deductions from the wages Mr. Miranda and all members of the FLSA Collective who have worked in Illinois, Defendants have violated the IWPCA and/or applicable regulations thereunder.

333.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to pay Mr. Miranda and all members of the FLSA Collective who have worked in Illinois in accordance with the IWCPA.

334.    Defendants' violations of the IWCPA have significantly harmed Mr. Miranda, Mr. Norman, and all members of the FLSA Collective who have worked in Illinois and entitle them to recover damages to the greatest extent permitted under the law.

## SEVENTEENTH CAUSE OF ACTION
## VIOLATIONS OF THE IMWL: FAILURE TO PAY MINIMUM WAGE
### (*On Behalf of Plaintiffs Miranda and Norman, As Well As All Individuals Who Have Worked for Defendants in Illinois and Opt into the FLSA Collective*)

335.    Mr. Miranda and Mr. Norman, on behalf of themselves and all members of the FLSA Collective who have worked in Illinois, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

336.    During the full statutory period, Mr. Miranda, Mr. Norman and all members of the FLSA Collective who have worked in Illinois were protected by the IWML, 820 Ill. Comp. Stat. §§ 105, *et seq.*, and all applicable regulations thereunder.

337.    The IWML requires covered employers, including Defendants, to compensate employees at a rate not less than the State or local minimum wage for all hours worked under forty (40) hours in a workweek.

338.    Mr. Miranda, Mr. Norman, and all members of the FLSA Collective who have worked in Illinois were not exempt from the requirement that Defendants pay them minimum

wages under the IWML, and they are entitled to be paid minimum wages by Defendants for all hours worked under forty (40) hours in a workweek during the full statute of limitations period.

339.   During the statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Mr. Miranda, Mr. Norman, and all members of the FLSA Collective who have worked in Illinois at a rate not less than the State or local minimum wage for all hours worked under forty (40) hours in a workweek.

340.   As a result of Defendants' failure to compensate Mr. Miranda, Mr. Norman, and all members of the FLSA Collective who have worked in Illinois at a rate not less than the State or local minimum wage for all hours worked under forty (40) hours in a workweek, Defendants have violated the IWML and/or applicable regulations thereunder.

341.   Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to pay Mr. Miranda, Mr. Norman, and all members of the FLSA Collective who have worked in Illinois in accordance with the IWML.

342.   Defendants' violations of the IWML have significantly harmed Mr. Miranda, Mr. Norman, and all members of the FLSA Collective who have worked in Illinois and entitle them to recover damages to the greatest extent permitted under the law.

### EIGHTEENTH CAUSE OF ACTION
### VIOLATIONS OF THE IMWL: FAILURE TO PAY OVERTIME
**(*On Behalf of Plaintiffs Miranda and Norman, As Well As All*
*Individuals Who Have Worked for Defendants in Illinois and Opt into the FLSA Collective*)**

343.   Mr. Miranda and Mr. Norman, on behalf of themselves and all members of the FLSA Collective who have worked in Illinois, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

344.    During the full statutory period, Mr. Miranda, Mr. Norman, and all members of the FLSA Collective who have worked in Illinois were protected by the IWML, 820 Ill. Comp. Stat. §§ 105, *et seq.*, and all applicable regulations thereunder.

345.    The IWML requires covered employers, including Defendants, to compensate employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

346.    Mr. Miranda, Mr. Norman, and all members of the FLSA Collective who have worked in Illinois were not exempt from the requirement that Defendants compensate them at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

347.    During the statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Mr. Miranda, Mr. Norman, and all members of the FLSA Collective who have worked in Illinois at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

348.    As a result of Defendants' failure to compensate Mr. Miranda, Mr. Norman, and all members of the FLSA Collective who have worked in Illinois at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, Defendants have violated the IWML and/or applicable regulations thereunder.

349.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to pay Mr. Miranda, Mr. Norman, and all members of the FLSA Collective who have worked in Illinois in accordance with the IWML.

350.    Defendants' violations of the IWML have significantly harmed Mr. Miranda, Mr. Norman, and all members of the FLSA Collective who have worked in Illinois and entitle them to

recover damages to the greatest extent permitted under the law.

**NINTEENTH CAUSE OF ACTION**
**BREACH OF CONTRACT**
(***On Behalf of Plaintiffs and all Individuals Who Opt into the FLSA Collective***)
(***Against Ebony Media***)

351.    Plaintiffs, on behalf of themselves and all individuals who opt into the FLSA Collective, hereby repeat and reallege the foregoing allegations as if set forth fully herein.

352.    Throughout the relevant period, Ebony Media entered into binding written agreements with the Employees to: (i) match contributions to their 401(k) accounts; (ii) reimburse them for work-related expenses; and (iii) pay out their unused accrued vacation time upon their terminations.

353.    The Employees performed all duties and obligations under the terms of these agreements.

354.    Ebony Media knowingly and materially breached the agreements by: (i) failing to match the Employees' 401(k) contributions; (ii) failing to reimburse all of the Employees' work-related expenses; and (iii) failing to pay out Employees' unused accrued vacation time upon their terminations.

355.    As a result of Ebony Media's breaches, the Employees have suffered harm for which they are entitled to recover damages to the greatest extent permitted under the law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective, respectfully request that this Court:

A.    Declare that the practices complained of herein are unlawful under applicable federal and State law;

45

B.      Grant an injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C.      Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiffs with a list of all members of the FLSA Collective, including all last known addresses, telephone numbers, and email addresses of each such person, so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

D.      Determine the damages sustained by Plaintiffs and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiffs and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

E.      Determine the damages sustained by Plaintiff Joshua David Mardice, as well as members of the FLSA Collective who have worked for Defendants in California and opt into this lawsuit, as a result of Defendants' violations of the CLC, and award those damages against Defendants and in favor of Plaintiffs, plus such pre-judgment and post-judgment interest as may be allowed by law;

F.      Determine the damages sustained by Plaintiffs Christina Santi, Sandeep Singh, Ricky Turner, and Jasmine Washington, as well as members of the FLSA Collective who have worked for Defendants in New York and opt into this lawsuit, as a result of Defendants' violations of the NYLL, and award those damages against Defendants and in favor of Plaintiffs, plus such pre-judgment and post-judgment interest as may be allowed by law;

G.      Determine the damages sustained by Plaintiffs Juan Miranda and Preston Norman, as well as members of the FLSA Collective who have worked for Defendants in Illinois and opt

into this lawsuit, as a result of Defendants' violations of the IWPCA and IMWL, and award those damages against Defendants and in favor of Plaintiffs, plus such pre-judgment and post-judgment interest as may be allowed by law;

      H.    Award Plaintiffs and the FLSA Collective an additional equal amount as liquidated and/or treble damages because Defendants' violations were willful and/or without a good faith basis;

      I.    Award Plaintiffs and the FLSA Collective their reasonable attorneys' fees and costs and disbursements in this action including, without limitation, any accountants' or experts' fees; and

      J.    Grant Plaintiffs and the FLSA Collective such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and the FLSA Collective, hereby demand a trial by jury on all issues of fact and damages.

Dated: September 25, 2019          **FARUQI & FARUQI, LLP**

                               By:  */s/ Innessa M. Huot*
                                  Innessa Melamed Huot
                                  Alex J. Hartzband
                                  Patrick J. Collopy

                                 685 Third Avenue, 26th Floor
                                 New York, New York 10017
                                 Tel: 212-983-9330
                                 Fax: 212-983-9331
                                 ihuot@faruqilaw.com
                                 ahartzband@faruqilaw.com
                                 pcollopy@faruqilaw.com

                               *Attorneys for Plaintiffs and the Proposed FLSA Collective*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSHUA DAVID MARDICE, JASMINE WASHINGTON, JUAN MIRANDA, PRESTON NORMAN, CHRISTINA SANTI, SANDEEP SINGH and RICKEY TURNER, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EBONY MEDIA OPERATIONS, LLC, CVG GROUP, LLC, MICHAEL GIBSON, in his individual and professional capacities, and ELIZABETH BURNETT, in her individual and professional capacities,<br><br>Defendants. | Civil Action No.:<br><br>**CONSENT TO SUE** |

I was employed by Defendants in the last three years and I am a named Plaintiff in the above-captioned action, *Mardice, et al. v. Ebony Media Operations, LLC, et al.*, pending in the United States District Court for the Southern District of New York.  I hereby consent to sue Defendants and be a party Plaintiff in this lawsuit.

I hereby appoint Faruqi & Faruqi, LLP, located at 685 Third Avenue, 26th Floor, New York, New York 10017, telephone number (212) 983-9330, as my attorneys.

Name (Print):  Joshua D. Mardice

Signature: _____      Date:  September 18, 2019
Joshua David Mardice

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSHUA DAVID MARDICE, JASMINE WASHINGTON, JUAN MIRANDA, PRESTON NORMAN, CHRISTINA SANTI, SANDEEP SINGH and RICKEY TURNER, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EBONY MEDIA OPERATIONS, LLC, CVG GROUP, LLC, MICHAEL GIBSON, in his individual and professional capacities, and ELIZABETH BURNETT, in her individual and professional capacities,<br><br>Defendants. | Civil Action No.:<br><br>**CONSENT TO SUE** |

I was employed by Defendants in the last three years and I am a named Plaintiff in the above-captioned action, *Mardice, et al. v. Ebony Media Operations, LLC, et al.*, pending in the United States District Court for the Southern District of New York. I hereby consent to sue Defendants and be a party Plaintiff in this lawsuit.

I hereby appoint Faruqi & Faruqi, LLP, located at 685 Third Avenue, 26th Floor, New York, New York 10017, telephone number (212) 983-9330, as my attorneys.

Name (Print): _Jasmine Washington_

Signature: _Jasmine Washington_          Date: _9/17/2019_
Jasmine Washington

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSHUA DAVID MARDICE, JASMINE WASHINGTON, JUAN MIRANDA, PRESTON NORMAN, CHRISTINA SANTI, SANDEEP SINGH and RICKEY TURNER, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EBONY MEDIA OPERATIONS, LLC, CVG GROUP, LLC, MICHAEL GIBSON, in his individual and professional capacities, and ELIZABETH BURNETT, in her individual and professional capacities,<br><br>Defendants. | Civil Action No.:<br><br>**CONSENT TO SUE** |

I was employed by Defendants in the last three years and I am a named Plaintiff in the above-captioned action, *Mardice, et al. v. Ebony Media Operations, LLC, et al.*, pending in the United States District Court for the Southern District of New York. I hereby consent to sue Defendants and be a party Plaintiff in this lawsuit.

I hereby appoint Faruqi & Faruqi, LLP, located at 685 Third Avenue, 26th Floor, New York, New York 10017, telephone number (212) 983-9330, as my attorneys.

Name (Print):  Juan Miranda

Signature:  *Juan Miranda*          Date:  9/19/2019
Juan Miranda

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSHUA DAVID MARDICE, JASMINE WASHINGTON, JUAN MIRANDA, PRESTON NORMAN, CHRISTINA SANTI, SANDEEP SINGH and RICKEY TURNER, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EBONY MEDIA OPERATIONS, LLC, CVG GROUP, LLC, MICHAEL GIBSON, in his individual and professional capacities, and ELIZABETH BURNETT, in her individual and professional capacities,<br><br>Defendants. | Civil Action No.:<br><br>**CONSENT TO SUE** |

I was employed by Defendants in the last three years and I am a named Plaintiff in the above-captioned action, *Mardice, et al. v. Ebony Media Operations, LLC, et al.*, pending in the United States District Court for the Southern District of New York. I hereby consent to sue Defendants and be a party Plaintiff in this lawsuit.

I hereby appoint Faruqi & Faruqi, LLP, located at 685 Third Avenue, 26th Floor, New York, New York 10017, telephone number (212) 983-9330, as my attorneys.

Name (Print):  Preston Norman
_____

Signature: _____    Date:  9-20-19
Preston Norman                                    _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSHUA DAVID MARDICE, JASMINE WASHINGTON, JUAN MIRANDA, PRESTON NORMAN, CHRISTINA SANTI, SANDEEP SINGH and RICKEY TURNER, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EBONY MEDIA OPERATIONS, LLC, CVG GROUP, LLC, MICHAEL GIBSON, in his individual and professional capacities, and ELIZABETH BURNETT, in her individual and professional capacities,<br><br>Defendants. | Civil Action No.:<br><br>**CONSENT TO SUE** |

I was employed by Defendants in the last three years and I am a named Plaintiff in the above-captioned action, *Mardice, et al. v. Ebony Media Operations, LLC, et al.*, pending in the United States District Court for the Southern District of New York.  I hereby consent to sue Defendants and be a party Plaintiff in this lawsuit.

I hereby appoint Faruqi & Faruqi, LLP, located at 685 Third Avenue, 26th Floor, New York, New York 10017, telephone number (212) 983-9330, as my attorneys.

Name (Print):  Christina Santi

Signature:  _____
            Christina Santi

Date:  09/13/2019

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| JOSHUA DAVID MARDICE, JASMINE WASHINGTON, JUAN MIRANDA, PRESTON NORMAN, CHRISTINA SANTI, SANDEEP SINGH and RICKEY TURNER, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>EBONY MEDIA OPERATIONS, LLC, CVG GROUP, LLC, MICHAEL GIBSON, in his individual and professional capacities, and ELIZABETH BURNETT, in her individual and professional capacities,<br><br>    Defendants. | Civil Action No.:<br><br>**CONSENT TO SUE** |

---

I was employed by Defendants in the last three years and I am a named Plaintiff in the above-captioned action, *Mardice, et al. v. Ebony Media Operations, LLC, et al.*, pending in the United States District Court for the Southern District of New York.  I hereby consent to sue Defendants and be a party Plaintiff in this lawsuit.

I hereby appoint Faruqi & Faruqi, LLP, located at 685 Third Avenue, 26th Floor, New York, New York 10017, telephone number (212) 983-9330, as my attorneys.

Name (Print): __Sandeep Singh_____

Signature: _____
    Sandeep Singh

Date: ___9/18/2019_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSHUA DAVID MARDICE, JASMINE WASHINGTON, JUAN MIRANDA, PRESTON NORMAN, CHRISTINA SANTI, SANDEEP SINGH and RICKEY TURNER, on behalf of themselves and others similarly situated, | Civil Action No.: |
| Plaintiffs, | **CONSENT TO SUE** |
| v. | |
| EBONY MEDIA OPERATIONS, LLC, CVG GROUP, LLC, MICHAEL GIBSON, in his individual and professional capacities, and ELIZABETH BURNETT, in her individual and professional capacities, | |
| Defendants. | |

I was employed by Defendants in the last three years and I am a named Plaintiff in the above-captioned action, *Mardice, et al. v. Ebony Media Operations, LLC, et al.*, pending in the United States District Court for the Southern District of New York.  I hereby consent to sue Defendants and be a party Plaintiff in this lawsuit.

I hereby appoint Faruqi & Faruqi, LLP, located at 685 Third Avenue, 26th Floor, New York, New York 10017, telephone number (212) 983-9330, as my attorneys.

Name (Print):  Rickey Turner

Signature:  _____        Date:  9/17/19
Rickey Turner