**FARUQI & FARUQI LLP**
ATTORNEYS AT LAW

NEW YORK        CALIFORNIA        DELAWARE        GEORGIA        PENNSYLVANIA

**Innessa M. Huot**
ihuot@faruqilaw.com

December 14, 2020

**VIA ECF**

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square, Room 415
New York, New York 10007

   Re: <u>Mardice, et al. v. Ebony Media Operations, LLC, et al.</u>, No. 1:19-cv-8910-VSB

Dear Judge Broderick:

  We represent Plaintiffs in the above-referenced action and write, pursuant to Your Honor's Individual Rules and Practices § 4(G) and Local Civil Rule 7.1(d), to request that the Court lift the stay of discovery against Defendants Ebony Media Operations, LLC ("Ebony"), CVG Group, LLC ("CVG"), Michael Gibson ("Gibson"), and Elizabeth Burnett ("Burnett") (collectively, "Defendants"). *See* ECF No. 71. As detailed below, the bankruptcy court has lifted the automatic stay against Ebony under 11 U.S.C. § 362(a), making it appropriate to begin discovery. At minimum, this action should proceed against CVG, Gibson, and Burnett (together, the "Non-Ebony Defendants"), to whom the automatic stay has never applied. The parties have met and conferred about these issues multiple times and remain at an impasse.

**I. BACKGROUND**

  On August 19, 2020, Defendants requested that discovery be stayed pending resolution of involuntary bankruptcy proceedings involving Ebony only and none of the Non-Ebony Defendants. *See* ECF No. 65; *see also In re: Ebony Media Operations, LLC*, No. 4:20-bk-33665 (Bankr. S.D. Tex.). Since then, Ebony has consented to the bankruptcy proceedings (*see* ECF No. 70; *see also In re: Ebony*, ECF Nos. 43, 45) and the Court has stayed discovery. *See* ECF No. 69. Most recently, on October 20, 2020, the Court extended the stay against all Defendants in this matter for 56 days "or as soon as a decision is made by the Southern District of Texas Bankruptcy Court on a motion for relief from the stay imposed under 11 U.S.C. § 362(a)[.]" ECF No. 71.

  Recently, it has become clear that the bankruptcy proceedings against Ebony will go on for an extended period, with no definitive end in sight. Indeed, on December 3, 2020, the bankruptcy court abated all deadlines in the proceeding indefinitely after removing Ebony's board of directors due to reports that a claim objection had been blocked by an insider deal. *See In re: Ebony*, ECF No. 204; *see also* Rick Archer, *Ebony Media Ch. 11 Sales On Hold After Judge Ousts Board*, Law360 (Dec. 3, 2020), https://www.law360.com/articles/1334219/ebony-media-ch-11-sale-on-hold-after-judge-ousts-board).



On December 9, 2020, the bankruptcy court issued an Order scheduling an auction for December 17, 2020 (*see In re: Ebony*, ECF No. 230 at 26); however, the bankruptcy court later postponed the auction at the request of a creditor. *See* Rick Archer, *Ebony Media Creditor's Ch. 11 Bid Restricted Amid Board Row*, Law360 (Dec. 11, 2020) https://www.law360.com/articles/1337007/ebony-media-creditor-s-ch-11-bid-restricted-amid-board-row.

Notably, however, the December 9, 2020 Order states, in relevant part, "***The automatic stay of section 362 of the Bankruptcy Code is hereby modified and vacated*** to the extent necessary to permit the Debtors and Lender to accomplish the transactions contemplated by this Final Order." *In re: Ebony*, ECF No. 230 ¶ 19 (emphasis added).

## II.    THE AUTOMATIC STAY AGAINST EBONY HAS BEEN LIFTED

As Plaintiffs have at all times acknowledged, 11 U.S.C. § 362(a) imposes a stay of claims against a debtor in a bankruptcy proceeding. As such, Plaintiffs have never opposed the Court's stay of the instant proceedings against Ebony; rather, as detailed further below, Plaintiffs have merely argued that discovery should proceed against the Non-Ebony Defendants, none of whom is party to the bankruptcy proceedings against Ebony.

However, as noted above, the bankruptcy court has expressly lifted the automatic stay under 11 U.S.C. § 362(a). *See In re: Ebony*, ECF No. 230 ¶ 19. Accordingly, it is now beyond dispute that discovery should proceed against all Defendants.

## III.   THE COURT SHOULD LIFT THE STAY OF PROCEEDINGS AGAINST THE NON-EBONY DEFENDANTS

Even before lifting the automatic stay (*see id.*), the bankruptcy court never extended the stay to the Non-Ebony Defendants. *See generally In re: Ebony*. Defendants have not contended otherwise in any prior submissions. Accordingly, while the Court's most recent Order alluded to the potential submission of "a motion for relief from the stay imposed under 11 U.S.C. § 362(a)" in the bankruptcy court (ECF No. 71), no such motion is required, at least as it pertains to the Non-Ebony Defendants. *See, e.g.*, *Teachers Ins. and Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants.") (collecting cases). Rather, the decision of whether to stay proceedings against the Non-Ebony Defendants rests in the sound discretion of the Court.

The Court should exercise this discretion "only in 'unusual circumstances[.]'" *Gray v. Hirsch*, 230 B.R. 239, 242 (S.D.N.Y. 1999) (quoting *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). This standard has been interpreted narrowly within this District to mean that "a debtor's stay may extend to a non-debtor only when necessary to protect the debtor's reorganization." *Gray*, 230 B.R. at 243; *see also CAE Indus. Ltd. v. Aerospace Holdings Co.*, 116 B.R. 31, 34 (S.D.N.Y. 1990) (declining to extend automatic stay because "the continuation of this action as against [non-bankrupt co-defendant] will have no material effect upon [debtor's] reorganization effort"). It is Defendants' burden to establish the requisite "unusual circumstances"



December 14, 2020
Page 3

to justify extending the stay to the Non-Ebony Defendants.  *See Omar v. 1 Front St. Grimaldi, Inc.*, No. 16-CV-05824 (LDH) (CLP), 2019 WL 7496569, at *1 (E.D.N.Y. Mar. 13, 2019) ("Although district courts have separate, discretionary authority . . . to extend this automatic stay to non-bankrupt co-defendants, it is the defendants' burden to show that such an exception to the general rule should apply.").

Here, proceeding with discovery will not impact, let alone have a material effect upon, Ebony's reorganization effort.  The cost of beginning discovery will be limited to Defendants' payment of attorneys' fees to their counsel, and no settlement or judgment is imminent.  This expense is nowhere near great enough to endanger Ebony's reorganization.  Even if judgment or settlement were imminent, Plaintiffs' wage claims are of low value relative to Ebony's debts.

In a prior submission by Ebony's bankruptcy counsel (*see* ECF No. 70-1), Defendants relied on the purported identity between Ebony and the Non-Ebony Defendants.  However, as Defendants acknowledge in that submission, CVG only partially owns Ebony – in addition to owning other portfolio companies – and Gibson owns only 50% of CVG.  *See id.*  Further, Burnett has no ownership interest in Ebony or CVG.  *Id.*  While Ebony and the Non-Ebony Defendants are of course financially linked to some extent, there is not "'such identity between the debtor and [non-debtor] that the debtor may be said to be the real party defendant and that a judgment against the [non-debtor] will in effect be a judgment . . . against the debtor.'"  *Gray*, 230 B.R. at 242 (quoting *A.H. Robins*, 788 F.2d at 999).

Defendants have also argued that extending the stay is appropriate because a judgment against CVG or Gibson (though, notably, not Burnett) could result in claims for contribution or indemnity against Ebony.  Defendants, who bear the burden of proof, have not produced the contracts to which they allude or otherwise established that CVG and Gibson are entitled to "absolute indemnity" from Ebony, as is required.  *Gray*, 230 B.R. at 242 (quoting *A.H. Robins*, 788 F.2d at 999).  Even still, this alone does not establish that merely proceeding with discovery will materially impact Ebony's reorganization efforts.

It also bears noting that each of the four Defendants is independently liable, further rendering a stay against the Non-Ebony Defendants inappropriate.  *See Franco v. Ideal Mortg. Bankers, Ltd.*, No. 07-CV-3956(JS)(AKT), 2017 WL 5195223, at *2-3 (E.D.N.Y. Nov. 9, 2017) ("A court should not extend the automatic stay where the non-debtor is independently liable as, for example, where the debtor and another are joint tortfeasors or where the nondebtor's liability rests upon his own breach of duty.") (internal quotation marks omitted).

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Innessa M. Huot

Cc:   Counsel of Record (*via* ECF)

685 Third Avenue   New York, NY 10017   Phone: 212.983.9330   Fax: 212.983.9331   EmployeeRightsCounsel.com   FaruqiLaw.com