UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                  :

JOSHUE DAVID MARDICE, JASMINE      :
WASHINGTON, JUAN MIRANDA,         :
PRESTON NORMAN, CHRISTINA SANTI, :
SANDEEP SINGH and RICKEY TURNER,  :
on behalf of themselves and others similarly :
situated,                               :
                                  :
                  Plaintiffs,     :
                                  :
           - against -            :
                                  :
                                  :
EBONY MEDIA OPERATIONS, LLC, CVG :
GROUP, LLC, MICHAEL GIBSON, and    :
ELIZABETH BURNETT,               :
                                  :
                  Defendants.    :
                                  :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/15/2021__

19-CV-8910 (VSB)

**OPINION & ORDER**

Appearances:

Alex Jeffrey Hartzband
Patrick Joseph Collopy
Innessa Melamed Huot
Faruqi & Faruqi, LLP
New York, NY
*Counsel for Plaintiffs*

Jeffrey Paul Englander
Christopher Whiton Pendleton
Morrison Cohen, LLP
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

        On August 19, 2020, Defendants informed me that Defendant Ebony Media Operations,

LLC ("Ebony") and Ebony Media Holdings, LLC are the subject of Involuntary Petitions under

Chapter 7 of the Bankruptcy Act in the Southern District of Texas Bankruptcy Court (the

"Bankruptcy Court").  (Doc. 65.)  Based on Defendants' motion, I granted a stay of these proceedings for the shorter of 45 days, or until a decision was made in the Bankruptcy Court on the motion to dismiss the Chapter 7 Bankruptcy involving Defendant Ebony.  (Doc. 69.)  On October 20, 2020, after receiving updates from the parties, including the joint letter on October 16, 2020, (Doc. 70),[1] I directed an extension of the stay in this case until the Bankruptcy Court "had opportunity to render a decision on the extent of the stay imposed under 11 U.S.C. § 362(a)," (Doc. 72).

Currently before me is Plaintiffs' letter motion requesting that I lift the December 14, 2020 stay in this case.  (Doc. 73.)  In accordance with the briefing schedule set forth in my December 16, 2020 Order, (Doc. 75), Defendants filed an opposition to Plaintiffs' letter motion on December 30, 2020, (Doc. 76), and Plaintiffs filed a reply on January 6, 2021, (Doc. 77).  As discussed in greater detail below, I find that completely lifting the automatic stay in this case is not warranted until the Bankruptcy Court has made a final determination regarding the stay or the stay lapses.  However, I decline to extend the stay to Defendants CVG Group, LLC ("CVG"), Michael Gibson ("Gibson"), and Elizabeth Burnett ("Burnett") (collectively, the "Non-debtor Defendants").

## I.   Background

In their December 14, 2020 letter motion, Plaintiffs claim that "the bankruptcy court ha[d] lifted the automatic stay against Ebony under 11 U.S.C. § 362(a)."  (Doc. 73, at 1.)  In support of this proposition, Plaintiffs rely on a December 9, 2020 Order by the Bankruptcy Court that states, in relevant part, "Modification of Automatic Stay.  The automatic stay of section 362

---

[1] According to an attached letter by bankruptcy counsel for Defendant Ebony in the pending Chapter 11 cases, the debtors converted the cases to Chapter 11 cases on September 2, 2020 by Joint Stipulation with the Petitioning Creditor.  (Doc. 70-1, at 2.)

of the Bankruptcy Code is hereby modified and vacated to the extent necessary to permit the

Debtors and Lender to accomplish the transactions contemplated by this Final Order." (*In re:*

*Ebony Media Operations, LLC*, No. 4:20-bk-33665 (Bankr. S.D. Tex.), Doc. 230, at ¶ 19.)

Plaintiffs accordingly request that I either lift the stay of discovery against all Defendants, or, at

minimum, allow the action to proceed against the Non-debtor Defendants, to whom Plaintiffs

aver the automatic stay has never applied.  (Doc. 73, at 1.)  Plaintiffs submit that, although

district courts can exercise their discretion to extend automatic stays to non-debtor defendants

under limited circumstances, Defendants have not met their burden of proof that such an

expansion of the stay is warranted here, (Doc. 77, at 2), "nor can they, particularly because CVG,

Gibson, and Burnett are each jointly and severally liable for Defendants' violations of federal

and state wage-and-hour laws," (Doc. 70, at 2).

    In response, Defendants contend that Plaintiffs misconstrue the Bankruptcy Court's

December 9, 2020 Order as a general order to lift the automatic stay, when the quoted language

is "a routine provision present in every similar order in every bankruptcy case involving debtor-

in-possession financing to enable the Lender and the Debtor to execute and file various

documents relating solely to the financing, that if filed without the modification language in

paragraph 19, would technically violate the automatic stay."  (Doc. 76, at 2.)[2]  Defendants assert

that the stay was not lifted except for this limited purpose, and that, in fact, Plaintiffs have not

filed for relief from the stay before the Bankruptcy Court.  (*Id.*)  Defendants maintain that

Plaintiffs should first ask the Bankruptcy Court for relief from the stay before proceeding in the

---

[2] Defendants also attach an email, dated December 30, 2020, sent by bankruptcy counsel for Defendant Ebony in the
pending Chapter 11 cases, reiterating that "[t]here has been no relief from stay order entered that would permit the
plaintiffs to pursue discovery against the Debtor entities.  The reference to the stay lift in the Final DIP Order is not
a blanket relief from the stay such that it would apply to plaintiffs in the referenced lawsuit to proceed against the
Debtors."  (Doc. 76-1.)

instant action.  (*Id*. at 2–3.)  Moreover, Defendants submit that allowing this case to proceed against only the Non-debtor Defendants would be "unfair as the Debtor would not be a participant in the litigation, could not be impleaded to the extent impleader was appropriate, and likely could not be compelled to provide testimony."  (*Id*. at 3.)

II.   **Discussion**

A.   ***General Relief from the Automatic Stay***

1.  **Applicable Law**

Section 362 of the Bankruptcy Code automatically stays all proceedings against the debtor.  The statute provides, in relevant part, that

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), operates as a stay, applicable to all entities, of-
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1).  An automatic stay continues until such time as the case is closed, dismissed, or where the case is one under chapter 11 of the Bankruptcy Code, until "the time a discharge is granted or denied."  § 362(c)(2).  "Provision for relief from the effect of a stay is set forth in § 362(d) which states that upon request of 'a party in interest' the bankruptcy court can grant relief from the stay after notice and a hearing."  *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 64 (2d Cir. 1986) (citations omitted).  The decision whether to lift a stay "is committed to [the] sound discretion [of the bankruptcy court]" and is reviewable in this court "only for abuse-of-discretion."  *In re Adelphia Commc'ns Corp*., 298 B.R. 49, 52 (S.D.N.Y. 2003).  "Relief from the effect of the automatic stay provisions of section 362(a)(1) must be

sought from the bankruptcy court pursuant to section 362(d), and not from [the Second Circuit]." *Ostano Commerzanstalt v. Telewide Sys., Inc*., 790 F.2d 206, 207 (2d Cir. 1986); *see also, e.g*., *In re Sonnax Indus., Inc*., 907 F.2d 1280, 1286 (2d Cir. 1990) (the "decision of whether to lift the stay is committed to the discretion of the bankruptcy judge" (citations omitted)); *Constitution Bank v. Tubbs*, 68 F.3d 685, 691 (3d Cir. 1995) ("Relief from the stay can be granted only by the bankruptcy court having jurisdiction over a debtor's case.").

### 2. Application

Based upon the above law, until one of the parties seeks and the Bankruptcy Court renders a decision on whether to grant relief from the automatic stay imposed pursuant to section 362(d), adjudication of the matter before me would be inappropriate.  Here, it appears that no such petition to the Bankruptcy Court for relief from the stay has been sought.  Moreover, Plaintiffs' reference to the Bankruptcy Court's December 9, 2020 Order is unavailing.  It is clear from the face of the quoted language that the Order merely modifies the automatic stay for the narrow purpose of allowing the debtors to obtain Debtor-in-Possession financing, *see In re: Ebony Media Operations, LLC*, No. 4:20-bk-33665 (Bankr. S.D. Tex.), Doc. 230, at ¶ 19 ("The automatic stay of section 362 of the Bankruptcy Code is hereby modified and vacated to the extent necessary to permit the Debtors and Lender to accomplish the transactions contemplated by this Final Order."), but does not vacate the automatic stay in its entirety.  Until the Bankruptcy Court grants relief from the automatic stay or the stay lapses, I decline to waive the automatic stay in this case and allow discovery to proceed against Defendant Ebony.

### B. *Scope of the Automatic Stay*

As for the question of whether the automatic stay applies to the Non-debtor Defendants, as discussed in detail below, Defendants have not set forth sufficient evidence warranting such

an expansion of the scope of the stay, and I accordingly decline to extend the stay to Defendants

Burnett, Gibson, and CVG at this juncture.[3]

### 1.  Applicable Law

"It is well-established that stays pursuant to § 362(a) are limited to debtors and do not

encompass non-bankrupt co-defendants."  *Butler*, 803 F.2d at 65.  Non-debtor defendants "can

claim the protection of a debtor's stay only in 'unusual circumstances,' as the Fourth Circuit held

in *A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986), which courts in this district cite as

the leading case on extension of a § 362 stays to a non-debtor."  *Gray v. Hirsch*, 230 B.R. 239,

242 (S.D.N.Y. 1999); *see also Butler*, 803 F.2d at 65 (noting that bankruptcy courts have at times

extended the automatic stay to non-debtors "if it contributes to the debtor's efforts to achieve

rehabilitation" and that district courts may similarly "utilize their discretionary power to stay

proceeding in the interest of justice and in control of their dockets"); *In re Baldwin-United Corp.*

*Litig.*, 765 F.2d 343, 348 (2d Cir. 1985) (stating that bankruptcy courts' general equitable powers

under section 105 of the Bankruptcy Code are "broader than the automatic stay provisions of

section 362").  An "unusual situation" warranting extension of the section 362 automatic stay to

non-debtor defendants "arises when there is such identity between the debtor and the third-party

defendant that the debtor may be said to be the real party defendant and that a judgment against

the third-party defendant will in effect be a judgment or finding against the debtor."  *Chord*

*Assocs. LLC v. Protech 2003-D, LLC*, No. 07-5138 JFB AKT, 2010 WL 1257874, at *3

(E.D.N.Y. Mar. 25, 2010) (quoting *A.H. Robins*, 788 F.2d at 999).  Accordingly, courts have

applied the automatic stay to non-debtors in cases where "a claim against the non-debtor will

---

[3] Defendants have not independently filed a motion before me for an extension of the § 362(a) stay to the Non-debtor Defendants, nor have they indicated that such a motion has been filed before the Bankruptcy Court, and my holding today is without prejudice to Defendants filing such a motion at a later date.

have an immediate adverse economic consequence for the debtor's estate," *Queenie, Ltd. et al. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003), for instance, where a non-debtor co-defendant is "wholly owned" by the debtor, *id.* at 288, or is "entitled to absolute indemnity by the debtor on account of any judgment that might result against them in this case," *Tenas-Reynard v. Palermo Taxi Inc.*, No. 14 CIV. 6974 (PGG), 2016 WL 1276451, at *4 (S.D.N.Y. Mar. 30, 2016) (quoting *A.H. Robins*, 788 F.2d at 999).

However, "in situations where a codefendant is independently liable as, for example, where the debtor and another are joint tort feasors or where the nondebtor's liability rests upon his own breach of a duty, then the protection afforded a debtor under the automatic stay would clearly not extend to such nondebtor." *Thomson Kernaghan & Co. v. Glob. Intellicom, Inc.*, No. 99 CIV. 3005 (DLC), 2000 WL 640653, at *15 (S.D.N.Y. May 17, 2000) (quoting *In re Metal Center, Inc.*, 31 B.R. 458, 462 (Bankr. D. Conn. 1983)) (declining to stay claims against non-debtor defendant where such claims were not "derivative of his status as Chairman and Chief Executive Officer of [debtor]," but rather are premised upon his "own conduct, including an alleged breach of his fiduciary duty"); *see also, e.g.*, *Cano v. DPNY, Inc.*, 287 F.R.D. 251, 262 (S.D.N.Y. 2012) (holding that the automatic stay did not apply to the proposed defendants where the plaintiffs alleged that the proposed defendants "are joint employers and, therefore, are jointly and severally liable to the plaintiffs for violations of the FLSA and NYLL"). "This limitation on the 'unusual situation' exception has been adopted in this district and by numerous other courts." *Variable-Parameter Fixture Dev. Corp. v. Morpheus Lights, Inc.*, 945 F. Supp. 603, 608 (S.D.N.Y. 1996) (citations omitted).

Following these principles, the range of permissible circumstances to which an extension of the automatic stay applies is narrow. "[W]hile courts in the Southern District have extended

the automatic stay to nondebtor officers and principals of debtor corporations, they have done so 'only where the stayed actions would have posed a serious threat to the debtors' reorganization efforts' or otherwise inhibited resolution of the debtor's bankruptcy." *Le Metier Beauty Inv. Partners LLC v. Metier Tribeca, LLC*, No. 13 CIV. 4650 JFK, 2014 WL 4783008, at *3 (S.D.N.Y. Sept. 25, 2014) (citing *Gray*, 230 B.R. at 243). "The movant bears the burden of demonstrating the need for such a stay." *Le Metier*, 2014 WL 4783008, at *3 (citing *LaSala v. Needham & Co., Inc.*, 399 F.Supp.2d 421, 427 (S.D.N.Y. 2005)).

## 2. Application

Defendants' argument that the stay should be extended to the three Non-debtor Defendants is based in part on the facts outlined in a letter from bankruptcy counsel for Defendant Ebony in the pending Chapter 11 case, including that "CVG Group owns 80% of the LLC interest in Ebony Media Holdings, LLC. Ebony Media Holdings, LLC, in turn, owns 100% of the LLC interest in Ebony Media Operations, LLC. The membership interests of CVG Group are owned 50/50 by Michael Gibson and Willard Jackson." (Doc. 70-1, at ¶ 6.) Defendants thus argue that because "the Company Agreements for each of the DIPs contains indemnification provisions in favor of the directors," including Defendant Michael Gibson, "a judgment against him would result in a claim against the DIPs." (*Id.* ¶¶ 5, 8.) Similarly, Defendants aver that Defendant Burnett "was merely an employee acting in the course and scope of her duties, and any judgment against her would result in a claim based on contribution or indemnity against the Debtors." (*Id.* ¶ 9.) Defendants argue that "the automatic stay would also apply to CVG Group, because a claim against CVG Group is, in effect, a claim against the Director Defendant, who is an owner of CVG Group. A judgment against CVG Group would undoubtedly end up with a claim for contribution and/or indemnity by CVG Group against the DIPs." (*Id.*)

I find Defendants' evidence insufficient to support an extension of the stay to individual Defendants Gibson and Burnett.  Defendants Burnett and Gibson have not established that their liability would be derivative of their status as "Vice President of Operations at CVG and the head of Human Resources at Ebony Media," (Doc. 15, Am. Compl. ¶ 34)[4], and "Co-Founder & Chairman of CVG and the Chairman of Ebony," (*id*. ¶ 29), respectively.  *Le Metier*, 2014 WL 4783008, at *3.  Rather, the allegations against Defendant Gibson and Burnett are based upon actions taken in their individual capacity as employers of Plaintiffs, including "exercising [their] power to hire, fire, discipline, and promote Plaintiffs and all similarly situated persons," (Am. Compl. ¶¶ 31, 36), that is, the very factors used by courts in this Circuit "in determining whether an employment relationship exists for purposes of the FLSA."  *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984).  Plaintiffs thus seek to hold each of the individual Defendants directly liable as joint employers under FLSA on the basis of their personal actions, (Am. Compl. ¶ 177), making this the very kind of case to which an extension of an automatic stay is not applicable.  *See Cano*, 287 F.R.D. at 262 (declining to extend automatic stay to non-debtors who plaintiffs alleged were "joint employers and, therefore . . . jointly and severally liable to the plaintiffs for violations of the FLSA and NYLL").

Nor have Defendants otherwise justified an extension of the stay by showing that continuation of this action against the individual Defendants would "seriously threaten resolution of the Debtor's bankruptcy proceeding" or that judgments against either of them "would create an immediate adverse consequence for the Debtor."  *Le Metier*, 2014 WL 4783008, at *3–4.  Although Defendants assert that Defendants Burnett and Gibson would seek indemnification from Defendant Ebony, they do not produce evidence of the individual Defendants'

---

[4] "Am. Compl." refers to Plaintiffs' Amended Complaint filed October 1, 2019.  (Doc. 15.)

indemnification agreements with Defendant Ebony, and, in any case, the possibility that the individual Defendants would be indemnified by Defendant Ebony alone is insufficient grounds for extension of the automatic stay.

"A serious threat has been found to exist where a debtor is undergoing reorganization and either the nondebtor is a necessary party in the reorganization or the nondebtor's liability would be imputed to the debtor by operation of law."  *Le Metier*, 2014 WL 4783008, at *4 (citing *In re Uni–Marts, LLC*, 404 B.R. 767, 780–81 (Bankr. D. Del. 2009) (recognizing that extension of a stay may be warranted where the nondebtor is entitled to "absolute indemnification" by the debtor) and *DeSouza v. Plusfunds Grp., Inc*., No. 05 Civ. 5990, 2006 WL 2168478, at *2 (S.D.N.Y. Aug. 1, 2006) (noting that the automatic stay may be extended where the nondebtor is a "principal player" in the debtor's reorganization process)).  Here, Defendants have not alleged either of these circumstances.  They have not produced copies of the individual Defendants' alleged indemnification agreements with Defendant Ebony that would establish that Defendant Burnett or Gibson is entitled to "absolute indemnification" by the debtor, or raised facts otherwise showing that Defendants Burnett or Gibson are principal players in Defendant Ebony's reorganization.  Although Defendant Gibson owns 50% of CVG, which in turn owns 80% of the LLC interest in Ebony, Defendants have not argued, for instance, that seeking damages from Defendant Gibson would, by itself, derail Ebony's reorganization effort.  *See, e.g*., *New Jersey Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 564 B.R. 192, 195 (S.D.N.Y. 2016) ("The mere possibility of a future indemnification claim will not support application of the automatic stay."); *CAE Indus. Ltd. v. Aerospace Holdings Co*., 116 B.R. 31, 34 (S.D.N.Y. 1990) (finding an extension of the stay unwarranted where defendants sought "to extend the stay to only one action against a single former corporate insider" and there was no evidence on the

record "demonstrat[ing] any impact upon the debtor's reorganization effort"); *cf. In re Johns-Manville*, 26 B.R. 420, 426 (Bkrtcy. S.D.N.Y. 1983) (granting an extension of the stay where two hundred and fifty separate law suits had been filed against twenty-five key officers, directors, employees and agents of the debtor, threatening a "massive drain on [debtor's key operating personnel's] time and energy at this critical hour of plan formulation . . . [that] could frustrate if not doom their vital efforts at formulating a fair and equitable plan of reorganization."), *vacated in part*, 41 B.R. 926 (S.D.N.Y. 1984). With respect to Defendant Burnett, the justification is even thinner. As Plaintiffs point out, she "has no ownership interest in Ebony or CVG." (Doc. 73, at 3). In the absence of any evidence that pursuing damages against the two individual Defendants alone would materially affect Ebony's reorganization effort, I decline to extend the automatic stay to Defendants Burnett and Gibson.

Defendants similarly do not show that "unusual circumstances" warrant an extension of the stay to Defendant CVG. Although Defendants CVG and Ebony are "financially linked to some extent" in that "CVG only partially owns Ebony – in addition to owning other portfolio companies," (Doc. 73, at 3), this does not amount to such "identity between the debtor and the third-party defendant" that "the debtor may be said to be the real party defendant," *A.H. Robins*, 788 F.2d at 999. Indeed, the partial ownership at issue here does not rise to the level of unity of interest between non-debtor and debtor defendants involved in other cases. *See, e.g.*, *Queenie*, 321 F.3d at 288 (extending stay to president and sole shareholder of debtor corporation). Moreover, even if CVG wholly owned Ebony, this fact alone would not be dispositive absent additional evidence that proceeding against CVG would impede Ebony's reorganization. *See Gray*, 230 B.R. at 243 ("[C]ourts in this district have stayed actions against non-debtor officers and principals of debtor corporations, but only where the stayed actions would have posed a

serious threat to the debtors' reorganization efforts."); *see also, e.g.*, *Variable-Parameter*, 945 F. Supp. at 605, 608–09 (declining to extend stay to non-debtor who was sole shareholder, director and president of debtor corporation); *Ripley v. Mulroy, et al.*, 80 B.R. 17, 18–19 (E.D.N.Y. 1987) (declining to extend stay to non-debtor "president, sole common-stock shareholder, and controlling person" of debtor corporation). "In the absence of evidence which demonstrates any impact upon the debtor's reorganization effort, the stay cannot be extended to a solvent co-defendant." *CAE Indus. Ltd.*, 116 B.R. at 34. Here, Defendants have failed to point to any such evidence.

The only remaining discernible reason set forth by Defendants in support of extending the stay to CVG is that, because Defendant Gibson is an owner of CVG, a judgment against CVG "would undoubtedly end up with a claim for contribution and/or indemnity by CVG [] against the DIPs." (Doc. 70-1, at ¶ 9.)[5] This justification is insufficient. As discussed above, Defendants have not established that Defendant Gibson is entitled to absolute indemnity by Defendant Ebony and, in any case, Defendants' speculation as to "[t]he mere possibility of a future indemnification claim will not support application of the automatic stay." *New Jersey Carpenters*, 564 B.R. at 195.

Accordingly, I decline to extend the automatic stay to the Non-debtor Defendants Burnett, Gibson, and CVG.

---

[5] While Defendants additionally submit that allowing the case to proceed against the Non-debtor Defendants would be "unfair" as Defendant Ebony "would not be a participant in the litigation, could not be impleaded to the extent impleader was appropriate, and likely could not be compelled to provide testimony," (Doc. 76, at 3), this reasoning is here inapposite, as the Amended Complaint seeks to hold the Non-debtor Defendants separately liable to Plaintiffs. *See, e.g.*, *Variable-Parameter*, 945 F. Supp. at 609 (rejecting the defendants' argument that "allowing the case to proceed against [the non-debtor defendant] alone would severely prejudice [the non-debtor defendant's] ability to defend himself" in a case involving alleged alter ego defendants, where the non-debtor and debtor defendants were to be held independently liable to the plaintiff as "joint tortfeasors").

III.   **Conclusion**

For the foregoing reasons, Plaintiffs' motion is DENIED in part, to the extent that it requests a lifting of the automatic stay as to Defendant Ebony, and GRANTED in part, to the extent it requests an order declining to extend the stay to the Non-debtor Defendants. Accordingly, it is hereby:

ORDERED that pursuant to 11 U.S.C. § 362 proceedings in this Court against Defendant Ebony are hereby stayed.  The parties are directed to inform me when the Bankruptcy Court grants relief from the automatic stay or that stay lapses.

IT IS FURTHER ORDERED that the automatic stay does not extend to the Non-debtor Defendants.  The parties, excluding Defendant Ebony, are accordingly directed to jointly submit to the Court a new proposed case management plan and scheduling order by on or before January 21, 2021.  A template for the order is available at http://nysd.uscourts.gov/judge/Broderick.  The status letter and the proposed case management plan should be filed electronically on ECF, consistent with Section 13.1 of the Court's Electronic Case Filing (ECF) Rules & Instructions, available at https://nysd.uscourts.gov/rules/ecf-related-instructions.  Should Defendants wish to submit additional evidence in support of such an extension at a later date, this Order is without prejudice to their doing so.

SO ORDERED.

Dated: January 15, 2021
      New York, New York

Vernon S. Broderick
United States District Judge